

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-22-2008

# Middlebrook v. Carroll

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1474

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Middlebrook v. Carroll" (2008). *2008 Decisions.* Paper 510.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/510

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1474

_____

NIKERRAY MIDDLEBROOK,

Appellant

v.

THOMAS CARROLL; ATTORNEY GENERAL OF
STATE OF DELAWARE; CARL DANBERG

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 05-cv-00827)
District Judge:  The Honorable Sue L. Robinson

_____

Submitted Under Third Circuit LAR 34.1(a)
September 9, 2008

Before: SLOVITER, FUENTES, and NYGAARD, Circuit Judges.

(Filed: September 22, 2008)

_____

OPINION OF THE COURT

_____

NYGAARD, Circuit Judge.

Nikerray Middlebrook was convicted of attempted first degree murder, first degree assault, possession of a weapon during the commission of a felony, and possession of a deadly weapon by a prohibited person. Middlebrook's writ of *habeas corpus* under 28 U.S.C. § 2254 alleged, *inter alia*, the ineffective assistance of counsel for failure to raise in his direct appeal to the Delaware Supreme Court violations of his right to a speedy trial. In denying this claim of his writ, the District Court reasoned that, since Middlebrook's speedy trial claim was without merit, counsel could not be deemed ineffective for failure to raise it. We will affirm.

On appeal, Middlebrook argues that the District Court misconstrued his argument when it focused only upon the trial. He asserted that his claim is properly read as asserting violation of rights to a speedy trial in the sentencing and appellate phase of his case. We certified for appeal the following question: "[W]hether Middlebrook's Sixth Amendment and Due Process rights were violated by the delay between conviction and sentencing and the delay in the appeal process." [1]

---

[1] We also directed the parties to address the question of whether these claims were exhausted, for purposes of habeas review. The government argues that Middlebrook did not present the question that we certified for appeal to the District Court, barring our consideration of this claim. We find that Middlebrook's *pro se* assertion of both the ineffective assistance of counsel claim and of his violations of rights to speedy trial and appeal were inextricably intertwined, and therefore sufficiently presented to the District Court, thus grounding our investigation of the question certified for appeal.

2

Due process guarantees an appeal that is both "adequate and effective." *Simmons v. Beyer*, 44 F.3d 1160 (3d Cir. 1995). Moreover, we have previously stated that speedy trial rights apply to sentencing. *Burkett v. Cunningham*, 826 F.2d 1208 (3d Cir. 1987).

Following the traditional four-part analysis of speedy trial claims, we do not find any violation of Middlebrook's Sixth Amendment or Fourteenth Amendment rights. *See Burkett,* 826 F.2d at 1169. The amount of time that transpired from conviction to sentencing (10 months) and between the court's reimposition of his sentence and the decision on his appeal (approximately 28 months), were sufficiently long to meet the first prong of analysis of a speedy sentencing and a speedy appeal claim. Nonetheless, this factor alone is not determinative.

Regarding the prong that focuses upon the assertion of the right to a speedy sentence and appeal, the record shows that Middlebrook raised his concerns about delay early in the process. However, the court warned Middlebrook that the choices he was making with regard to the filing of *pro se* motions and changes in counsel would result in delay. This mitigates the importance of the timing of Middlebrook's first assertion of rights.

In the same vein, the fact that Middlebrook's multiple motions and changes in counsel caused a great deal of the delay disfavor Middlebrook's claim. Moreover, the response of the state courts to Middlebrook's numerous pleadings necessarily consumed

3

time, and there is no evidence that either the state court or the government acted in a dilatory manner.[2]

Finally, we are not convinced that Middlebrook suffered any appreciable prejudice in the time that he awaited sentencing and a decision on his appeal. Neither the anxiety or the loss of witnesses claimed by Middlebrook rises to the level of prejudice that is required of a due process claim. Particularly given that the four-prong analysis "is not to be applied uncritically" in assessing a delay claim in the appeal context, we find Middlebrook's claims to be without merit.

Because we affirm the District Court's general conclusion that counsel cannot be deemed ineffective where the claim that counsel supposedly failed to raise is meritless, *Strickland v. Washington*, 466 U.S. 668 (1984), we affirm the District Court's denial of Middlebrook's petition.

---

[2.]Between conviction and sentencing, Middlebrook requested at least three of the four continuances. Following the reimposition of his sentence, and in spite of the appointment of counsel, Middlebrook sought to proceed *pro se* on appeal. The Delaware Supreme Court remanded the issue to the Superior Court for evidentiary hearings and a recommendation on the issue, which occurred in November 2000. Initially, Middlebrook was permitted to represent himself, but after reviewing Middlebrook's filings the Delaware Supreme Court remanded to the Superior Court to appoint counsel. After a second evidentiary hearing on June 8, 2001, new counsel was appointed on June 21, 2001. The Delaware Supreme Court considered Middlebrook's direct appeal and affirmed Middlebrook's convictions and sentence on January 28, 2003.